```
                         United States Bankruptcy Court
                         Eastern District of North Carolina
In re:                                                              Case No. 19-01228-JNC
CAH Acquisition Company 4, Inc.                                     Chapter 11
       Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0417-5          User: admin              Page 1 of 1           Date Rcvd: Jan 03, 2020
                              Form ID: pdf016          Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 05, 2020.
db             +CAH Acquisition Company 4, Inc.,    PO Box 953119,    Saint Louis, OK 63195-3119

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 05, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 3, 2020 at the address(es) listed below:
              David J Haidt    on behalf of Creditor    First Liberty Bank davidhaidt@embarqmail.com,
               joywatsonnb@embarqmail.com
              David J Haidt    on behalf of Interested Party    City of Drumright, Oklahoma
               davidhaidt@embarqmail.com,    joywatsonnb@embarqmail.com
              David J Haidt    on behalf of Other Professional C. David Rhoades davidhaidt@embarqmail.com,
               joywatsonnb@embarqmail.com
              Jason L. Hendren    on behalf of Trustee Thomas W. Waldrep, Jr. jhendren@hendrenmalone.com,
               jgorman@hendrenmalone.com;ashave@hendrenmalone.com
              Jennifer B. Lyday    on behalf of Trustee Thomas W. Waldrep, Jr. notice@waldrepllp.com
              John Paul H. Cournoyer    on behalf of Creditor Paul L. Nusbaum jpc@nbfirm.com,
               jla@nbfirm.com;sks@nbfirm.com
              John Paul H. Cournoyer    on behalf of Creditor    Sun Finance, Inc. jpc@nbfirm.com,
               jla@nbfirm.com;sks@nbfirm.com
              John Paul H. Cournoyer    on behalf of Creditor Steven F. White jpc@nbfirm.com,
               jla@nbfirm.com;sks@nbfirm.com
              John Paul H. Cournoyer    on behalf of Interested Party    Rural Community Hospitals of America,
               LLC jpc@nbfirm.com,    jla@nbfirm.com;sks@nbfirm.com
              Marjorie K. Lynch    on behalf of Bankruptcy Administrator    Bankruptcy Administrator
               marjorie_lynch@nceba.uscourts.gov,
               lynn_tingen@nceba.uscourts.gov;karen_hayes@nceba.uscourts.gov;lesley_cavenaugh@nceba.uscourts.gov
               ;Tanya_aycock@nceba.uscourts.gov
              Rayford K. Adams, III    on behalf of Debtor    CAH Acquisition Company 4, Inc.
               tadams@spilmanlaw.com,    cpeterson@spilmanlaw.com
              Rebecca F. Redwine    on behalf of Trustee Thomas W. Waldrep, Jr. rredwine@hendrenmalone.com,
               jgorman@hendrenmalone.com
              Thomas W. Waldrep, Jr.    on behalf of Trustee Thomas W. Waldrep, Jr. notice@waldrepllp.com
                                                                                               TOTAL: 13

**SO ORDERED.**

**SIGNED this 3 day of January, 2020.**



_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAH ACQUISITION COMPANY #4, LLC d/b/a ) | Case No. 19-1228-5-JNC |
| DRUMRIGHT REGIONAL HOSPITAL, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

## CONSENT ORDER GRANTING APPLICATION BY SPILMAN THOMAS & BATTLE, PLLC AS COUNSEL FOR THE DEBTOR FOR ALLOWANCE OF INITIAL COMPENSATION AND REIMBURSEMENT OF EXPENSES
## [March 13, 2019 through July 31, 2019]

**THIS MATTER** came before the United States Bankruptcy Judge for the Eastern District of North Carolina, upon the *Initial Application by Spilman Thomas & Battle, PLLC as Counsel for the Debtor for Allowance of Compensation and Reimbursement of Expenses [March 13, 2019 Through July 31, 2019]* (the "Application") [Dkt. No. 117] filed on September 17, 2019 by Spilman Thomas & Battle, PLLC (the "Applicant" or "Spilman") and served with due and proper notice on all required parties. The Applicant thereafter filed its Supplement to Exhibit B of Application for Compensation (Dkt. No. 128) on November 4, 2019 (the "Supplement") to amend and include certain costs and expenses inadvertently omitted from the Application. This Court, with the consent of the Bankruptcy Administrator for the Eastern District of North Carolina (the "BA")

and Thomas W. Waldrep, Jr., the trustee in the Debtor's case (the "Trustee"), hereby makes the following Findings of Fact and Conclusions of Law:

1. On April 2, 2019, Applicant filed its Application to Employ Spilman Thomas & Battle, PLLC as Attorney. (Dkt. No. 35). On April 24, 2019, the court dismissed this case for failure to obtain proper corporate authority to file it. At the time, no order of employment had been entered. On May 8, 2019, the Court entered its *Consent Order Allowing Employment of Spilman Thomas & Battle, PLLC as Counsel to the Debtor Nunc Pro Tunc to the Petition Date and Limiting Duties of Counsel Pursuant to 11 U.S.C. § 327(a)* in each of the other related matters[1]. The BA consents to the entry of a similar order in this case in this matter in light of the settlement.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 330.

3. The Applicant believes that it has performed reasonable and necessary legal services for the Debtor within the scope of Applicant's limited employment. The BA has concerns that certain of the services for which compensation is being sought exceed the scope of Applicant's limited employment.

4. The Application and Supplement seek initial allowance of compensation in the amount of $25,478.58, which represents $23,264.06 for fees and $2,214.52 for expenses. A detailed description of the legal services rendered, including time expended and the dates rendered, was attached to the Application as filed with the Court.

---

[1] CAH #1 (Washington) (19-00730-5-JNC), CAH #2 (Oswego)(19-01230-5-JNC), CAH #3 (Horton)(19-1180-5-JNC), CAH #6 (I-70)(19-01300-5-JNC), CAH #7 (Prague)(19-01298-5-JNC), CAH # 12 (Fairfax)(19-01967-5-JNC), and CAH #16 (Haskell)(19-01227-5-JNC).

5. The Applicant has represented that Spilman holds in its trust account the balance of the initial pre-petition retainer deposited with the firm by a third party in the amount of $106,765.75 (the "Retainer"), which amount is available to pay in part the Applicant's fees and expenses approved by the Court.

6. On October 7, 2019, the BA filed her general objection to the Application [Dkt. No. 122]. The parties have determined to settle the BA's objections to all pending CAH matters under the terms of this order. Applicant has agreed to make certain adjustments to some of the time and services described in the various Applications.

7. With respect to the allocation of the Retainer among the various cases (excluding CAH # 4 [Drumright]), the BA and the Applicant agree that it is appropriate to apply the Retainer on a prorata basis among the following cases in which the Applicant has filed fee applications: CAH #1 (Washington), CAH #2 (Oswego), CAH #3 (Horton), CAH #6 (I-70), CAH #7 (Prague), CAH # 12 (Fairfax), and CAH #16 (Haskell). Each order entered in those cases will reflect the amount of the Retainer to be applied to the approved fees and expenses. The parties agree that none of the Retainer will be allocated and applied to the fees and expenses approved in this case (Drumright).

8. The parties agree that Applicant shall be awarded compensation and reimbursement of expenses pursuant to the Application in the reduced amount of $5,500.00, which represents $5,500.00 in fees and $0.00 in expenses. The parties have further agreed that none of the Retainer will be applied to the approved fees and that the amount of $5,500.00 will be allowed as a Chapter 11 administrative claim in the case.

Based upon the foregoing findings of fact and conclusions of law, **IT IS THEREFORE ORDERED** as follows:

1. Pursuant to 11 U.S.C. § 331, for the period of March 13, 2019 through July 31, 2019, the Applicant as counsel for the Debtor is permitted and allowed compensation in the amount of $5,500.00 and recovery of expenses of $0.00, for a total of $5,500.00 as a Chapter 11 administrative claim in this case.

2. This is an interim award subject to this Court's final review and approval including but not limited to its determination of whether disgorgement is warranted under Section 726 of the Bankruptcy Code.

AGREED TO BY:

/s/ Rayford K. Adams III
Rayford K. Adams III
*Counsel for the Applicant*

/s/ Marjorie K. Lynch
Marjorie K. Lynch
*Bankruptcy Administrator*

/s/ Thomas W. Waldrep, Jr.
Thomas W. Waldrep, Jr.
*Trustee*

END OF DOCUMENT